HOLLOWAY, Circuit Judge,
dissenting.
I respectfully dissent. The majority’s scholarly analysis is impressive but not persuasive to me in the end. I agree instead with the analysis of the district judge in this case and the panel majority in United States v. Horvath, 492 F.3d 1075 (2007), reh’g den., 522 F.3d 904 (9th Cir.2008).
The government chose to prosecute Manning under 18 U.S.C. § 1001, eschewing the opportunity to proceed under a statute that would avoid the issue we now face.[1] Limited to language applicable in this case, section 1001(a)(2) prohibits any person from making a materially false statement or representation in any matter within the jurisdiction of the judicial branch. But an exception is provided in subsection (b), an exception that had been created by the courts before it was enacted by Congress, as the majority accurately notes. Subsection (b) provides that the prohibition of subsection (a) “does not apply to a party to a judicial proceeding, or that party’s counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.”
The question before us is narrow. We are dealing with an express exception created by Congress for false statements made to a judge by a party or counsel. Given that the requirement that the statement must have been “submitted” to a judge or magistrate is satisfied when the statement is submitted through an intermediary such as the court clerk, it seems to me that there is little room for doubt that the exception should be applied here as well.[2] The defendant submitted the statement to the probation officer whom, the majority correctly notes, we have described as an “agent” for the court. See United States v. Rogers, 921 F.2d 975-80 (10th Cir.1990). The inference is inescap *626 able that defendant intended it to be relayed to the judge, just as an attorney who hands a written motion to the court clerk intends and expects that the paper will be relayed to the judge. Indeed, the submission of the statement is expressly for that purpose as decreed by Congress. See 18 U.S.C. § 3664(d)(3) (quoted in maj. op. at 620-21).
Moreover, notwithstanding the discretion vested in the probation officer as to what he might do with the statement in addition to transmitting it to the judge, it is difficult to imagine that the probation officer would elect not to forward the statement to the judge. The probation officer might add his own statement. He might tell the judge that his research has found strong evidence to contradict the defendant’s statement. Or, as in Horvath, the probation officer might add the statement that attempts to verify the statement were inconclusive. Or, the probation officer might supply corroborating information. But under any scenario, the defendant’s statement is certain to be passed on to the judge. Accordingly, submission of the statement to the probation officer was not something different from submission of a statement to the court’s clerk.
In short, following the analysis of the panel majority in Horvath, I would hold that the exemption of subsection 1001(b) applies because the defendant submitted the statement to the probation officer under circumstances in which that agent of the court was duty-bound to relay the statement to the judge. Thus, the statement was submitted to the judge just as surely as if it the document containing the statement had been handed to the judge’s clerk or bailiff, notwithstanding the fact that the probation officer’s obligation was not just to forward the statement but to do so in conjunction with his independent investigation.
I therefore respectfully dissent.

. See maj. op. at 615, n. 2.

. It is interesting to note that in Horvath, the defendant had made the same false statement to the judge (twice) and to the probation officer. 492 F.3d at 1076-77. It is indisputable that the statutory exemption applies to protect the statements made to the judge from prosecution under this statute. It seems to me a quite modest and reasonable conclusion that making the statement to an agent of the court who was duty-bound to relay the statement to the judge was similarly treated by Congress, i.e. was removed from the proscription of section 1001 while still subject to possible prosecution as obstruction of justice. Also, because section 3664(d)(3) calls for information to be provided by the defendant in an affidavit, it would seem that in many circumstances prosecution for perjury would be possible.